Mr. Justice Clayton
delivered the opinion of the court.
This case is, in most respects, like the quo warranto cases heretofore determined in this court.
The remedy reserved to the legislature in this act of incorpo» ration, to repeal the charter to a limited extent, leaving power to the bank to wind up its affairs, must be regarded as cumulative. If not enforced by the legislature, the right to proceed by quo warranto is unimpaired.
Previous to the institution of the proceedings in this case, the bank had made a general assignment of its property and effects. Under the construction of the act of 1840, prohibiting assignments by the banks, heretofore placed upon it by this court, such assignment was void. But the supreme court of the United States has reversed the decision of this court upon that point, on the ground that the act of 1840 was unconstitutional. In cases of that character, that court bears the relation of an appellate tribunal to this, and we feel bound to conform to its construction of the constitution of the United States, when made upon direct appeal from this court. Of consequence the right of the assignees under this deed of assignment set forth and admitted in the pleadings, is paramount to that of the trustees appointed by the court, upon the rendition of the judgment of forfeiture. They could take only what did not pass by the deed of assignment.
The judgment of the court below must be reversed, and must be so modified as to embrace only the property, estate and effects of the bank, not contained in the deed of assignment. The judgment so modified will be entered in this court.
Judgment reversed.